NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MATTHEW CARL DAVEE, *Appellant*.

No. 1 CA-CR 23-0363

FILED 03-04-2025

Appeal from the Superior Court in Yavapai County
No. P1300CR201500754
The Honorable John David Napper, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Andrew M. Jacobs joined.

_____

**H O W E**, Judge:

**¶1** This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Matthew Carl Davee has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. A jury convicted Davee of one count of aggravated assault. Davee was given the opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm his conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Davee. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

**¶3** In the late afternoon on the date of the incident, Davee was riding his motorized bicycle in circles in front of the victim's house, yelling and spitting. He would pull onto the property, curse and then ride approximately fifteen feet away before returning and repeating the behavior. The victim described Davee's actions as obnoxious, vulgar, and antagonistic. The victim's brother, who was with the victim when Davee approached the house, testified that Davee was spitting, swearing at the victim, and saying that the victim and his house were disgusting.

**¶4** The victim confronted Davee in front of the house and Davee rode away. The victim pursued Davee on foot. Davee stopped after riding a short distance, got off his bicycle, set his backpack and a camera on the ground and ran towards the victim. The victim picked up Davee's camera and threw it at him. Davee and the victim then began to scuffle, during which Davee stabbed the victim in the chest. The victim retreated to his home and Davee began to leave the area. The victim's brother, who had followed Davee and the victim in a vehicle, exited the vehicle, pointed a handgun at Davee and called 911, but Davee continued to leave the area. A

neighbor eventually stopped Davee at gunpoint until police officers arrived. When police arrived, despite not being questioned, Davee spontaneously stated that he acted in self-defense.

**¶5**  The State charged Davee with aggravated assault using a deadly weapon or dangerous instrument, a class 3, dangerous, nonrepetitive felony. A.R.S. §§ 13-1204(A)(2), 13-105(13). Davee underwent court-ordered treatment to restore his competency numerous times during the approximately seven years of pretrial proceedings. Davee's competency was finally restored after the court found that his competency was dependent on medication.

**¶6**  After a four-day trial, the jury convicted Davee of aggravated assault. The jury further found the victim suffered emotional and financial harm. The trial court found Davee's mental health issues warranted a mitigated sentence. The court sentenced Davee to the minimum term of five years' imprisonment. A.R.S. § 13-704(A) (sentencing range for class 3, dangerous, nonrepetitive felonies). The court also awarded Davee 995 days of presentence incarceration credit. Finally, the court ordered Davee to pay $24,231.60 in restitution to the victim.

## DISCUSSION

**¶7**  We review Davee's conviction and sentence for fundamental, reversible error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Davee has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Davee at all stages of the proceedings, and the sentences imposed were within the statutory guidelines.

**¶8**  Although Davee moved for a mistrial following the prosecutor's cross-examination on his immediate and unprovoked statements about self-defense to law enforcement and subsequent silence, the trial court did not err in denying the motion. The Constitution does not prohibit use of a defendant's silence before or after arrest if no *Miranda* warnings are given. *Brecht v. Abrahamson*, 507 U.S. 619, 628 (1993). Police arrived at the scene shortly before 5:00 p.m. and put Davee in their patrol car but did not question him. Later, police informed Davee of his *Miranda* rights at the police station at 6:05 p.m. Reference to a defendant's silence is

not a violation of due process in the absence of *Miranda* warnings. *Fletcher v. Weir*, 455 U.S. 603, 607 (1982). We decline to order briefing and affirm Davee's conviction and sentence.

**¶9**　　　　Upon the filing of this decision, defense counsel shall inform Davee of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Davee shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶10**　　　　For the foregoing reasons, we affirm Davee's conviction and sentence.

